396 Mass. 485                                                   485

Petition of the Department of Social Services to Dispense with Consent to Adoption.

PETITION OF THE DEPARTMENT OF SOCIAL SERVICES TO
DISPENSE WITH CONSENT TO ADOPTION.

Bristol. October 9, 1985. — January 6, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Adoption*, Dispensing with parent's consent. *Evidence*, Communications between patient and psychotherapist.

At a hearing on a petition to dispense with a parent's consent to her child's adoption, testimony of a psychiatrist appointed by the judge to examine the parent was properly admitted in evidence under G. L. c. 233, § 20B (*b*), inasmuch as the parent-patient had been sufficiently informed as to the purpose and possible consequences of the psychiatric examination. [486-488]

On an appeal from a judgment dispensing with a parent's consent to her child's adoption, this court found no factual support for the parent's contention that the judge should have given attention to the alternative of leaving the child in the custody of the Department of Social Services (and in foster care), and of taking no action to allow the petition to dispense with the parent's consent to her child's adoption. [488]

PETITION filed in the Bristol Division of the Probate and Family Court Department on May 31, 1983.

The case was heard by *Edwin Livingstone, Jr.*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Daniel S. Hendrie* (*David R. Heckman* with him) for the mother.

*Suzanne E. Durrell*, Assistant Attorney General, for Department of Social Services.

*James H. Fogarty* for the minor.

WILKINS, J. The mother of a child born in 1980 appeals, through new appellate counsel, from a judgment of the Bristol County Probate and Family Court dispensing with the need for her (and the father's) consent to the adoption of her son.

See G. L. c. 210, § 3 (1984 ed.). She argues that the admission of testimony from a psychiatrist appointed by the judge to examine her was error because her communications to the psychiatrist were privileged under G. L. c. 233, § 20B (1984 ed.). She argues further that the judge might have decided the case differently if testimony based on those communications had been excluded. She also contends that the judge improperly failed to consider the option of continued foster care as an alternative to permitting adoption without the mother's consent. We affirm the judgment.

On January 24, 1984, in response to a motion filed by counsel for the child, the judge ordered an examination of the mother by a psychiatrist whom the judge directed "to consider whether or not the mother is mentally and/or [sic] emotionally competent to adequately parent and care for her minor child."[1] The order of appointment stated that the psychiatrist was appointed "to act as guardian ad litem or next friend for [the mother] to represent her interest in [the] case." This designation could not reasonably have misled the mother to rely on the psychiatrist to represent her interests. The judge's order specifically stated the task given the psychiatrist, and the psychiatrist understood that he was appointed to evaluate the mother for the purpose of establishing her ability to or inability to look after her child.[2]

Evidence quite apart from the psychiatrist's testimony strongly supported the judge's conclusion to authorize adoption of the child without the mother's consent. It is nevertheless apparent from the judge's findings that the psychiatrist's testimony provided significant support for the judge's ultimate ruling. We conclude that the psychiatrist's testimony was properly admitted under one of the statutory exceptions to the psychotherapist-patient privilege.

[1] The Department of Social Services had filed a motion under Mass. R. Civ. P. 35 (a), 365 Mass. 793 (1974), for a psychiatric examination of the mother. That motion was declared moot because of the action taken on January 24, 1984, on the other motion for an examination.

[2] The designation of an expert or other person, appointed to give an impartial report to the judge, as a guardian to represent the interests of a particular party is potentially misleading and should be avoided.

396 Mass. 485                                          487

Petition of the Department of Social Services to Dispense with Consent to Adoption.

We recently considered whether communications from a mother to a psychiatrist were admissible in evidence in the course of a hearing on a petition to dispense with her consent to adoption. *Petition of Catholic Charitable Bureau of the Archdiocese of Boston, Inc., to Dispense with Consent to Adoption*, 392 Mass. 738 (1984). We concluded that such a proceeding was not a "child custody case," within the meaning of G. L. c. 233, § 20B (*e*),[3] which permits the admission of a psychotherapist's testimony in certain circumstances in a child custody case.[4]

We conclude that exception (*b*) of § 20B supports the admission of the psychiatrist's testimony. That section provides that "communications [made] to a psychotherapist in the course of a psychiatric examination ordered by the court" are not privileged if a judge finds that the patient made those communications "after having been informed that the communications would not be privileged."[5] The judge stated in open court that the

[3] General Laws c. 233, § 20B (*e*), provides this exeption to the psychotherapist-patient privilege: "In any child custody case in which, upon a hearing in chambers, the judge, in the exercise of his discretion, determines that the psychotherapist has evidence bearing significantly on the patient's ability to provide suitable custody, and that it is more important to the welfare of the child that the communication be disclosed than that the relationship between patient and psychotherapist be protected."

[4] At one stage in the trial, the judge apparently was proceeding under the cl. (*e*) exception in permitting the psychiatrist to testify. At another point, the judge used words consistent with the exception set forth in cl. (*c*). Clause (*c*) provides as an exception to the privilege: "In any proceeding, except one involving child custody, in which the patient introduces his mental or emotional condition as an element of his claim or defense, and the judge or presiding officer finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected." It is not apparent that the mother *introduced* her mental or emotional condition in any respect on the merits of the petition to dispense with her consent to adoption. The department, as would presumably be true in any case of this kind, appears to have introduced the question by alleging the mother's unfitness in its petition. The cl. (*c*) exception, therefore, appears to be inapplicable in this case.

[5] Although certain language in exception (*b*) has particular application to criminal proceedings (see *Blaisdell* v. *Commonwealth*, 372 Mass. 753 [1977]), we have considered that exception to be applicable to noncriminal proceedings as well. See *Commonwealth* v. *Barboza*, 387 Mass. 105, 109,

mother knew the purpose of her visit when she went for her examination by the psychiatrist and that she knew she could say as little or as much as she wanted. Her counsel did not challenge the judge's finding as unsupported on the record, nor did he ask for a hearing on the question of his client's understanding (or possible lack of understanding). Trial counsel properly should have informed his client of the possible consequences to her of her communications to the psychiatrist, and he may have failed to object to the judge's conclusion because he had so informed his client. It would be better practice if the judge were to inform the patient in open court of the loss of privilege or if, pursuant to the court's order of appointment, the psychotherapist were to so advise the patient before questioning him or her. Here the question is not one of a privilege against self-incrimination but rather whether the mother-patient was sufficiently informed as to the purpose and possible consequences of the psychiatric examination. On this record, the mother has no valid basis to argue now that the judge's conclusion was unwarranted.

The mother argues further that the judge should have given attention to the alternative of leaving the child in the custody of the department (and in foster care) and of taking no action to allow the petition to dispense with the mother's consent to the child's adoption. The short but complete answer is that there was no factual support for such a conclusion. The mother's unfitness, apparent from her own testimony, was caused by a condition found to be chronic. Even visitation with the mother was said to be detrimental to the child (and to her). In such circumstances, the judge was warranted in concluding that the best interests of the child were properly reflected in the judgment.

*Judgment affirmed.*

cert. denied, 459 U.S. 1020 (1982) (sexually dangerous person determination); *Commonwealth* v. *Lamb*, 365 Mass. 265, 269 (1974) (same).