PETITION OF THE DEPARTMENT OF SOCIAL SERVICES TO DISPENSE WITH CONSENT TO ADOPTION. July 14, 1986. *Adoption,* Dispensing with parent's consent. *Evidence.* Communication between patient and psychotherapist.

For purposes of decision we assume without deciding that the expert opinion of Dr. Dean Levy, a clinical psychologist who had evaluated (both in person and through medical records) the mental condition of the natural mother, fell within the patient-psychotherapist privilege created by G. L. c. 233, § 20B, and should have been excluded from evidence on the mother's assertion of the privilege, unless it fell within one of the six exceptions set out in subparagraphs (*a*)-(*f*). See *Petition of Catholic Charitable Bureau to Dispense with Consent to Adoption,* 392 Mass. 738 (1984). (On this basis the mother had succeeded in excluding the records of the Westborough State Hospital where she had been [and still was] a patient for three years, as well as the testimony of doctors who had observed and treated her there.) Dr. Levy examined the mother under court order as provided in subparagraph (*b*), and it seems to have been assumed by all parties that his testimony was thus not subject to a claim of privilege. It is true that the record does not disclose that the mother had been warned that her communications with Dr. Levy would not be privileged, one of the conditions of subparagraph (*b*) (see

---

*Commonwealth* v. *Lamb,* 365 Mass. 265 [1974]; *Petition of the Dept. of Social Services to Dispense with Consent to Adoption,* 396 Mass. 485, 487-488 [1986]); but there was no reason to go into that subject because the mother, through counsel, specifically disavowed any invocation of the statutory privilege when the subject arose. At a later point the mother objected to Dr. Levy's opinion on the ground that it was based in part on hearsay, but that objection is no longer pressed. On the merits of the appeal, it is conceded, correctly, that if the opinion of Dr. Levy was admissible there was clear and convincing evidence to support the crucial findings on the mother's current inability to care for the child and the unlikelihood that the situation will change for the better.

*Decree affirmed.*

*Robert J. O'Regan (Janice Bassil* with him) for the mother.

*Steven H. Goldberg,* Assistant Attorney General, for Department of Social Services.